United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL UNION NO. 3, AFL-CIO, et al.,

Plaintiffs,

v.

E&L YOUNG ENTERPRISES, INC., et al.,

Defendants.
____________________________________/

No. C 11-05051 SI

**ORDER DENYING MOTION TO REFER TO BANKRUPTCY COURT**

Currently before the Court is defendant's motion to refer this matter to the bankruptcy court. The matter is set for hearing on May 4, 2012. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby DENIES defendant's motion. **The Initial Case Management Conference remains on calendar for May 4, 2012 at 2:30 p.m.**

## BACKGROUND

This action was filed on October 13, 2011. The background of the filing is a follows:

Plaintiffs are a labor organization representing tile setters and finishers and related Trustees of employee benefit plans under the Employment Retirement Income Security Act of 1974 (ERISA). On January 8, 2010, plaintiffs filed an action against Eric Young, doing business as Diablo Designs Tile

& Marble, a sole proprietorship ("Sole Proprietorship"). That action sought unpaid fringe benefit contributions through February 28, 2010, based on a Collective Bargaining Agreement (CBA) which expires on March 31, 2013 and to which Eric Young was a signatory. *See Bricklayers and Allied Craftworkers Local Union, No. 3, AFL-CIO, et al., v. Eric Lawrence Young, et al.*, Case No. 10-0112 SBA (N.D. Cal.). That action resulted in a $89,749.84 default judgment against Eric Young dba Diablo Designs Tile & Marble.

On August 8, 2011, Eric Young and his wife, Lorraine Young, filed a Chapter 7 bankruptcy petition. Case No. 11-48460, N.D. Cal. In that proceeding, petitioner Young and his wife declared that they are not a corporation. *See* Bankruptcy Case No. 11-48460, Docket No. 10 at pg. 36. They declared they have no co-debtors. *Id.*, Docket No. 10 at pg. 24. The Youngs listed on their Schedule B disclosures stock owned in E&L Young Enterprises, Inc. ("Corporation"), a corporation incorporated on April 8, 2010; the stock was valued at $500. Docket No. 36 at pg. 3. Finally, the Youngs listed as "exempt" the Corporation's stock and Corporation's checking account (Docket No. 36-1 at pg. 1) as well as tools, supplies and vehicles. *Id.*, at pg. 2. The petition is still pending before the bankruptcy court. Plaintiffs' counsel conferred with the bankruptcy trustee, who confirmed that the trustee will not be administering the stock of the Corporation or otherwise taking any action with respect to the Corporation on behalf of the estate. *See* Declaration of Jolene E. Kramer, ¶¶ 4-7.

On September 6, 2011, plaintiffs filed an adversary proceeding in Bankruptcy Court, related to the Chapter 7 proceeding, objecting to the discharge of the $89,749.84 debt from the default judgment for fringe benefit contributions up through February 28, 2010. Case No. 11-4283 N.D. Cal. Bankruptcy Court. That matter is currently pending before the bankruptcy court.

Finally, this action was filed by plaintiffs on October 13, 2011. Plaintiffs allege that defendant E&L Young Enterprises, Inc. does business as Diablo Design Tile & Stone and is the alter-ego of Eric Young. Plaintiffs allege that the Corporation has failed to make fringe benefit payments required by the CBA from April 8, 2010 to present.[1]

[1] Defendant American Contractors Indemnity Company is the surety of the Corporation and plaintiffs allege that ACIC is likewise responsible for the missed fringe benefit payments.

United States District Court
For the Northern District of California

**LEGAL STANDARD**

Under 28 U.S.C. § 157, the district court may provide "that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." *Id.*, § 157(a). Section 157 recognizes a distinction between "core" proceedings, that may be resolved by the bankruptcy court, and "related" proceedings which shall be finally determined by the district court. *Id.*, §§ 157(b) & (c).

**DISCUSSION**

Defendant argues, first, that this case is a "core" proceeding subject to the bankruptcy court's jurisdiction. The Court disagrees. This case deals with whether the Corporation – which is not a party to the underlying personal Chapter 7 petition of the Youngs or the adversary proceeding – can be considered the "alter ego" of the signatory to the CBA under federal labor law. That issue, as well as how much the Corporation might owe in past-due benefits, will be resolved without any reference to the bankruptcy proceedings or bankruptcy law. Moreover, contrary to defendant's argument, nothing in this action will determine an "interest" in estate property in the bankruptcy proceedings, in large part because the bankruptcy trustee has indicated that no action will be taken with respect to the $500 in Corporation stock the Youngs identified as exempt in their bankruptcy filings and the trustee intends to take no other action regarding the Corporation. Kramer Decl., ¶¶ 4-7. Nor does defendant provide any authority suggesting that because Eric Young's interests are at stake in the bankruptcy petition and adversary proceeding, any allegation that he is the Corporation's alter-ego signatory of the CBA under federal labor law converts this action into a core bankruptcy proceeding. *Cf. NLRB v. Better Bldg. Supply Corp.*, 837 F.2d 377, 379 (9th Cir. 1988) (debt for NLRA damages judgment under CBA assumed by an alter-ego corporation following resolution of Chapter 7 petitions by individual and prior corporate entities because corporate debt cannot be discharged in Chapter 7 proceeding and finding of alter-ego did not convert corporate debt into personal debt that might otherwise be discharged).

Defendant also argues that this case is "related to" the pending bankruptcy proceedings and as such, particularly under General Order 24, this action must be referred to the bankruptcy court. General Order 24 provides that cases "relating to" bankruptcy proceedings are to be referred to the bankruptcy

United States District Court
For the Northern District of California

court. Defendant asserts that because the same CBA is at issue in both the adversary proceeding in bankruptcy court and this action, and because Eric Young and his wife have interests in this case as the sole shareholders of the Corporation in the underlying bankruptcy proceedings, this case must be considered related to the bankruptcy action and *must* be referred. However, the Court finds that General Order 24 does not control here because it does not define *when* a district court case is related to a bankruptcy court proceeding. Defendant offers no authority regarding this narrow question.[2] However, "[p]roceedings 'related to' a title 11 case include causes of action owned by the debtor that become property of the bankruptcy estate under 11 U.S.C. § 541(a), as well as suits between third parties that conceivably may have an effect on the bankruptcy estate." *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 226 (3d Cir. 2004); *see also Dunmore v. United States*, 358 F.3d 1107, 1113 (9th Cir. 2004) ("Dunmore's tax refund action 'related to' his bankruptcy case if "'the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.'").

There is no dispute that the cause of action at issue here is "owned" by the plaintiffs, not the debtors in the underlying bankruptcy proceedings. Similarly, there is no evidence that the determination of the claims in this case against the Corporation could have an effect on the Chapter 7 proceedings and bankruptcy estate, where the bankruptcy trustee has indicated that no action will be taken with respect to the Corporation or the $500 of Corporation stock identified in the Youngs' bankruptcy filings. Moreover, because the claims at issue here are brought against different defendants – the Corporation dba Diablo Designs Tile & <u>Stone</u> and ACIC in this Court, and Eric Young dba Diablo Designs Tile & <u>Marble</u> in bankruptcy court – and seek fringe benefit contributions for different time periods, there is

[2] Defendant's arguments based on Bankruptcy Local Rule 1015-1(a) – which gives guidance on when existing bankruptcy proceedings should be considered related – and on Civil Local Rule 3-12 – which gives guidance on when existing district court cases should be considered related – are inapposite, because the issue here is whether a district court case is sufficiently "related to" a bankruptcy proceeding to refer the district court case under 28 U.S.C. § 157 and General Order 24. *See* B. L. Rule 1015-1(b) ("in the event there are related bankruptcy cases . . . ."); Civ. L. Rule 3-12 ("Whenever a party knows or learns that an action, filed in or removed to this district is . . . related to an action which is or was pending in this District . . . .").

**United States District Court**
For the Northern District of California

no apparent effect of this proceeding on the adversary proceeding.[3] As such, this case is not related to the bankruptcy court proceedings sufficient for the Court to refer this matter.

**CONCLUSION**

For the foregoing reasons, defendant's motion is DENIED. The Case Management Conference remains on calendar for May 4, 2012 at 2:30 p.m.

**IT IS SO ORDERED.**

Dated: May 2, 2012

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

[3] Plaintiffs also argue that in determining whether a referral is warranted, the Court should look to the factors governing the withdrawal of a referral under § 157(d) – including efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration and the prevention of forum shopping, *see Security Farms v. International Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997) – all of which weigh in favor of this Court retaining jurisdiction over this ERISA action. *See* Plaintiffs' Oppo. at 17.