United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL UNION NO. 3, AFL-CIO et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>E&L YOUNG ENTERPRISES,<br><br>    Defendant.<br>_____ / | No. C 11-05051 SI<br><br>**ORDER DENYING MOTION TO DISMISS** |

Currently before the Court is defendant's motion to dismiss. The matter is set for hearing on July 6, 2012. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby DENIES defendant's motion.

**BACKGROUND**

This action was filed by plaintiffs on October 13, 2011. Plaintiffs are a labor organization representing tile setters and finishers and related Trustees of employee benefit plans under the Employment Retirement Income Security Act of 1974 (ERISA). Plaintiffs allege that defendant E&L Young Enterprises, Inc. ("Corporation") does business as Diablo Design Tile & Stone and is the alter-ego of an Eric Young ("Young"), an employer who is a signatory to a Collective Bargaining Agreement (CBA) which expires on March 31, 2013. Plaintiffs allege that the Corporation – which, plaintiffs

1 claim, is the alter ego of Eric Young, who signed the CBA – has failed to make fringe benefit payments required by the CBA from April 8, 2010 to present.[1] Complaint, ¶¶ 7-9.

Previously, on January 8, 2010, plaintiffs filed an action against Young, doing business as Diablo Designs Tile & Marble ("Sole Proprietorship"), for failure to pay fringe benefit contributions through February 28, 2010 based on the same CBA at issue in this case. *See Bricklayers and Allied Craftworkers Local Union, No. 3, AFL-CIO, et al., v. Eric Lawrence Young, et al.*, Case No. 10-0112 SBA (N.D. Cal.). That action resulted in a $89,749.84 default judgment against Eric Young dba Diablo Designs Tile & Marble. *Id.*, ¶ 10.

On April 8, 2010, E&L Young Enterprises dba as Diablo Design Tile & Stone was incorporated. Eric Young and his wife are the sole shareholders. *Id.*, ¶ 11. On August 8, 2011, Eric Young and his wife, Lorraine Young, filed a Chapter 7 bankruptcy petition. Case No. 11-48460, N.D. Cal.

As noted above, this action was filed on October 31, 2011. By an Order dated May 2, 2012, this Court rejected the Corporation's motion to refer this matter to the bankruptcy Court, finding that this action – seeking recovery under the CBA from the Corporation under an alter ego theory – was not a "core" proceeding under the Bankruptcy Code or otherwise sufficiently "related to" the Bankruptcy Court action to justify the referral of this matter to that Court. *See* Docket No. 35.

Defendant now moves to dismiss this action, arguing that: (1) plaintiffs failed to plead relief to which they are entitled under 29 U.S.C. § 158; (2) actions based upon "alter ego" liability belong to the bankruptcy trustee (who is administering the Young's personal bankruptcy petition); and (3) because the CBA was "rejected" in the bankruptcy court, it cannot be used to impose alter ego liability on the Corporation.[2]

---

[1] Defendant American Contractors Indemnity Company is the surety of the Corporation and plaintiffs allege that ACIC is likewise responsible for the missed fringe benefit payments.

[2] On July 2, 2012, plaintiffs filed a First Amended Complaint. Nothing in that amended complaint appears to be relevant to the determination of this motion.

**DISCUSSION**

Defendant's second argument was explicitly rejected by the Court in denying the motion to refer and the Court need not revisit that issue. Docket No. 35, Order Denying Motion to Refer. With respect to defendant's first argument, defendant argues that under 29 U.S.C. § 158, the only relief plaintiffs can seek is an order requiring the Corporation to collectively bargain in good faith. Plaintiffs argue that defendant is confusing the "successorship liability doctrine" with the "alter ego liability doctrine." The Court agrees. Under the "successorship liability doctrine," where a party to a CBA sells its business to an unrelated entity, that successor entity may be required to collectively bargain with the union. *See, e.g., NLRB v. Jeffries Lithograph Co.*, 752 F.2d 459, 463 (9th Cir. 1985). However, under the "alter ego liability doctrine" alleged here, the appropriate remedy – if alter ego is established – is the relief owed under the applicable CBA. *See, e.g., Sheet Metal Workers International Asso., Local No. 359 v. Arizona Mechanical & Stainless, Inc.,* 863 F.2d 647, 651 (9th Cir. 1988). As the allegations in this case are all clearly "alter ego" allegations, plaintiffs seek appropriate relief.

Turning to defendant's third argument – newly raised in reply and addressed by plaintiffs in the Court ordered sur-reply– the Court finds that nothing in the bankruptcy action has terminated the CBA or otherwise undermined plaintiffs' ability to assert that the Corporation is liable as the alter ego of Young as signatory of the CBA. As plaintiffs acknowledge, by operation of law under 11 U.S.C. § 365(g), since the bankruptcy trustee in the Youngs' personal Chapter 7 bankruptcy case did not assume the CBA within 60 days of the filing of the bankruptcy petition, the CBA is considered "rejected" as a matter of law for purposes of *those* proceedings. However, simply because the CBA as an executory contract is rejected, does not mean it is terminated or without legal effect outside of the bankruptcy proceedings. *See, e.g.*, *In re Continental Airlines*, 981 F.2d 1450, 1459 (5th Cir. Tex. 1993) (no support for argument that "rejection" of CBA rescinds the CBA; "Significantly, § 365(g)(1) speaks only in terms of 'breach.' The statute does not invalidate the contract, or treat the contract as if it did not exist."); *see also In re Modern Textile, Inc*., 900 F.2d 1184, 1191 (8th Cir. 1990) (commercial lease obligations);

*In re Ortiz,* 400 B.R. 755, 764-65 (C.D. Cal. 2009) (personal services contract). The NLRB has explicitly recognized that an alter ego of an employer in bankruptcy remains liable under the employer's

3

1  CBA. *See, e.g., Metalsmith Recycling* 329 N.L.R.B. 124, 125 (N.L.R.B. 1999) ("Since the rejection of
2  the Metalsmith contract in bankruptcy did not affect the agreement's continued existence, the judge
3  correctly found that Second Street was bound to the agreement under ordinary alter ego doctrine.").

Moreover, the allegations here are that the Corporation was formed well over a year *before* the Youngs filed their Chapter 7 bankruptcy petition. As, as noted in the prior Order, the Corporation is not a party to the Chapter 7 petition and the bankruptcy trustee is not taking any action with respect to the stock or property of the Corporation controlled by the Youngs. In these circumstances, the rejection of the CBA by operation of law in the bankruptcy proceeding does not terminate the CBA or otherwise undermine plaintiffs' ability to seek to hold the Corporation responsible under the CBA.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is DENIED.

**IT IS SO ORDERED.**

Dated: July 2, 2012

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

4